CLD-291                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4561
_____

DALE WILLIAM REYNOLDS,
                                                Appellant

v.

JUDGE PAUL MANZI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-13-cv-00325)
District Judge:  Honorable Cathy Bissoon
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 26, 2014
Before: FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 3, 2014)
_____

OPINION
_____

PER CURIAM

        Dale William Reynolds appeals from an order of the United States District Court

for the Western District of Pennsylvania, which sua sponte dismissed his complaint under

28 U.S.C. § 1915(e)(2)(B).  We will affirm the District Court's judgment.

In 2013, Reynolds filed a complaint alleging that Magisterial District Judge Paul Manzi violated his civil rights by imposing $360 in fines and court costs after he was found guilty of disorderly conduct. The District Court concluded that Judge Manzi was immune from suit and that Reynolds' claim was barred under the Rooker-Feldman doctrine. Reynolds timely appealed. After Reynolds filed his informal brief, Judge Manzi filed a motion to summarily affirm the District Court's judgment.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review of the District Court's sua sponte dismissal for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In deciding whether the District Court's dismissal of Reynolds' complaint was proper, we "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). We may summarily affirm if an appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court properly determined that judicial immunity bars Reynolds' claims against Judge Manzi. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). Although Reynolds complains that Judge Manzi "harass[ed] him with false charges," this allegation is insufficient to overcome judicial immunity. See Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (holding that judicial immunity extends to judicial officers, even if their actions were "'in error, w[ere] done maliciously, or w[ere] in excess of [their]

2

authority,'" unless the officers acted in clear absence of all jurisdiction (quoting Azubuko, 443 F.3d at 303)).

Because Judge Manzi is entitled to absolute judicial immunity from Reynolds' claims, this appeal does not present a substantial question.[1] Accordingly, we will grant Judge Manzi's motion and summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

[1] In light of this holding, we need not address the District Court's alternative determination that the Rooker-Feldman doctrine bars Reynolds' claims.